**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

In Re: Don Karl Juravin

ANNA JURAVIN,

        Appellant,

v.                                        Case No:   6:21-cv-1922-GAP

DENNIS D. KENNEDY

        Appellee.

**MEMORANDUM OPINION AND ORDER**

This matter comes before the Court without oral argument on appeal from the United States Bankruptcy Court for the Middle District of Florida. Appellant Anna Juravin appeals the Bankruptcy Court's denial of her Motion to Remove the Trustee. With the parties' briefing complete (Docs. 18 & 25), the matter is ripe for disposition.

### I.  Background[1]

This appeal arises from the execution of a break order in connection with the Chapter 7 bankruptcy proceedings for Don Karl Juravin (hereinafter, the "Debtor"). Following issues with obtaining discovery from the Debtor, the Chapter 7 Trustee, Dennis D. Kennedy, filed an ex parte motion for a break order to search the Debtor's home for documents, electronic data, and certain assets that may be part of the bankruptcy estate. The Bankruptcy Court granted that motion, and on May 5, 2021, the Trustee executed the Break Order in the presence of the Debtor's wife, Appellant Anna Juravin. Doc. 22 at 198–203. The Trustee filed an inventory with the Bankruptcy Court listing all the items obtained during the execution of the break order. *Id.* at 198–99.

Five months later, on October 7, 2021, Appellant and the Debtor filed a motion seeking the removal of the Trustee, the disqualification of his counsel, and a protective order relating to evidence obtained during the execution of the break order. Doc. 18-1 at 4. On October 18, 2021, Appellant and the Debtor filed an amended motion seeking the same relief. Doc. 22 at 128. On November 9, 2021, the Bankruptcy Court held a hearing where it heard argument and denied the Motion.

---

[1] The Court relies on the appendix filed by Appellees for this background section and docket entries from the Bankruptcy Court record. *See* Doc. 22. Appellant filed a deficient appendix that does not include the break order that Appellant discusses at length, or the transcript of the hearing containing the Bankruptcy Court's basis for denying Appellant's Motion below. *See* Doc. 18-1.

*In re Juravin*, 6:18-bk-6821, Doc. 669-1 at 37 (Br. M.D. Fla. Dec. 29, 2021). Appellant now appeals that ruling.

**II.     Legal Standard**

Bankruptcy court orders removing or denying the removal of the trustee are final, appealable orders. *See In re Walker*, 515 F.3d 1204, 1210–11 (11th Cir. 2008) ("the removal of a bankruptcy trustee is a 'final' order appealable to this Court"); *see also In re Steffen*, No. 8:09-cv-353, 2011 WL 13174777, at *2 (M.D. Fla. Oct. 12, 2011) (the Eleventh Circuit's reasoning with respect to orders removing the trustee "applies with equal force to orders denying the removal of a trustee"). Therefore, district courts have jurisdiction to hear appeals of such orders. *See* 28 U.S.C. § 158(a)(1).

A bankruptcy court's denial of a motion to remove a trustee is reviewed for abuse of discretion. *See In re Steffen*, 2011 WL 13174777, at *3 (citing *In re AFI Holding, Inc.*, 530 F.3d 832, 844 (9th Cir. 2008)). And a bankruptcy court's ruling on employment of counsel is also reviewed for abuse of discretion. *In re Cecil*, 8:12-cv-958, 2012 WL 3231321, at *2 (M.D. Fla. Aug. 3, 2012) (citing *In re M&M Mktg., L.L.C.*, 426 B.R. 796, 799 (B.A.P. 8th Cir. 2010)). A court "abuses its discretion if it applies an incorrect legal standard, applies the law in an unreasonable or incorrect manner, follows improper procedures in making a determination, or makes findings of fact that are clearly erroneous." *Torres v. First Transit, Inc.*, 979 F.3d 876,

881 (11th Cir. 2020) (quoting *Brown v. Ala. Dep't of Transp.*, 597 F.3d 1160, 1173 (11th Cir. 2010)). "A 'clear error in judgment' is also an abuse of discretion." *Id.* (quoting *United States v. Brown*, 415 F.3d 1257, 1266 (11th Cir. 2005)).

### III.   Analysis

At the outset, the Court notes that Appellant's brief contains several formatting issues, is highly disorganized, and is largely identical to her initial motion filed in the Bankruptcy Court. While this makes it difficult to discern exactly what the Appellant seeks on appeal, the Court will deal with the issues as Appellant presents them. Appellant seeks two forms of relief. First, she asks the Court to remove and replace the Trustee and his counsel. Second, she asks that her property "be fully accounted for." The Court addresses each issue in turn.

**A. Removal of the Trustee and his Counsel**

Initially, the Trustee argues that Appellant lacks standing to seek his removal. To seek relief in federal court, a litigant must have standing under Article III of the Constitution, which requires an injury-in-fact, causation, and redressability. *Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (2016).

In addition, a litigant in bankruptcy court must satisfy the "person aggrieved doctrine," which "restricts standing more than Article III standing, as it allows a person to appeal only when they are directly and adversely affected pecuniarily by the order." *See In re Westwood Cmty. Two Ass'n, Inc.*, 293 F.3d 1332,

1335 (11th Cir. 2002) (citations and internal quotations omitted). "[T]he person aggrieved doctrine limits standing to appeal a bankruptcy court order to those individuals who have a financial stake in the order being appealed." *Id.* (citations omitted) "A person has a financial stake in the order when that order diminishes their property, increases their burdens or impairs their rights." *Id.* (citations and internal quotations omitted). Further, to qualify as a person aggrieved, "a party must both show a direct harm *and* hold an interest within the scope of the Bankruptcy Code." *In re Bay Circle Props., LLC*, 955 F.3d 874, 880 (11th Cir. 2020).

Appellant does not satisfy any of the criteria under the person aggrieved doctrine with respect to the order denying the removal of the Trustee and counsel.[2] She is not a debtor, nor is she a creditor or any other party with a financial interest in the handling of the bankruptcy and disposition of the bankruptcy estate. Appellant fails to demonstrate how the continued retention of the trustee "diminishes her property" or otherwise impairs her rights. While she provides a litany of state and federal rights she believes were violated, those do

---

[2] While standing was not addressed by the Bankruptcy Court below, "[s]tanding is the threshold issue in every federal case." *Fisher Island Ltd. v. Fisher Island Invs., Inc.*, 518 F. App'x 663, 665 (11th Cir. 2013) (citing *Maverick Media Grp., Inc. v. Hillsborough Cnty.*, 528 F.3d 817, 819 (11th Cir. 2008)). Accordingly, the Court is required to analyze standing, regardless of when or whether the parties raise the issue. *See Maverick Media*, 528 F.3d at 819. Although the Trustee raised this argument in a responsive brief, Appellant had a statutory right and the opportunity to file a reply brief to address those arguments. *See* Fed. R. Bankr. P. 8018(a)(3). Appellant declined to file a reply brief, so the Court considers the arguments based on the available record.

not fall within the scope of the Bankruptcy Code.[3] Thus, Appellant lacks standing to appeal the Bankruptcy Court's order denying the removal of the Trustee and this aspect of her appeal is due to be denied.

### B. Request to Account for Certain Items

Appellant also vaguely asks the Court to order that her property "be fully accounted for." Doc. 18 at 35. Although Appellant identifies the property taken in the break order, she does not specify exactly what she wants returned to her. Nor does she identify any error committed by the Bankruptcy Court with respect to this issue.

At the November 9, 2021, hearing, the Bankruptcy Court was prepared to grant the motion with respect to Appellant's request to return her documents and items. *See In re Juravin*, 6:18-bk-6821, Doc. 669-1 at 34:19–23 (Bankr. M.D. Fla. Dec. 29, 2021) ("So the Motions will be denied except for the limited ability of the Debtor or Mrs. Juravin to come to the Trustee's location as designated if they believe there are any personal family records or other items that would not be properly in his possession . . . ."). However, counsel for the Trustee advised that "all of the items retrieved from the Debtor's home were previously returned to

---

[3] Even were the Court to address the harms that Appellant outlines, removing the Trustee would not provide any meaningful remedy. Any past harm suffered because of the break order is not exacerbated by the Trustee's continued involvement in the bankruptcy, nor would it be remedied by his removal.

counsel, to Mr. Bartolone." *Id.* at 37:9–12. Bartolone, the Debtor's counsel in the bankruptcy proceeding, confirmed that he received the items from the Trustee and the Bankruptcy Court subsequently denied the motion in all parts. *Id.* at 38:2–38:12. When the Bankruptcy Court asked the parties if they had any questions regarding the ruling, Henry Portner, Appellant's counsel who filed the motion below and now brings this appeal, advised that he had no further questions. *See id.* at 38:13–18. He did not raise any dispute as to whether the property had been returned or seek any further clarification. *Id.*

Appellant's request to have her property accounted for was mooted by the Trustee's return of that property. Appellant instead raises a new issue on appeal: whether the Trustee returned all the property that Appellant seeks. But that issue was not presented to the Bankruptcy Court. "[I]f the record reflects an issue was presented in a cursory manner and never properly presented to the Bankruptcy Court, the issue is not preserved for appeal." *In re Monetary Grp.*, 91 B.R. 138, 140 (M.D. Fla. 1988) (citing *In re Espino*, 806 F.2d 1001, 1002 (11th Cir. 1986)). The Bankruptcy Court was fully prepared to grant Appellant's requested relief until the parties agreed that such an order was not necessary. Based on the parties' representations, the Bankruptcy Court correctly denied Appellant's request. If Appellant was later concerned about missing property, she should have raised

that issue with the Bankruptcy Court and specified exactly what was missing. Accordingly, Appellant's argument in this regard is without merit.

### IV. Conclusion

Accordingly, it is hereby **ORDERED** and **ADJUDGED** that the Bankruptcy Court's Order is **AFFIRMED**. The Clerk is hereby **ORDERED** to enter judgment for Appellee and thereafter close the case.

**DONE** and **ORDERED** in Chambers, Orlando, Florida on March 22, 2022.



GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Party